```
 1  CHRISTOPHER NORGAARD (SBN 87996)
    LAW OFFICES OF CHRISTOPHER NORGAARD
 2  633 West Fifth Street
 3  Suite 2600
    Los Angeles, CA 90071
 4  Telephone:  (213) 223-2030
 5  Facsimile:   (213) 223-2029
    E-mail:       cnorgaard@regentbc.com
 6
 7  Attorneys for Plaintiffs KYLE F. CARDINAL, FLOYD L.
    CARDINAL and DOLORES E.CARDINAL
 8
 9
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| KYLE F. CARDINAL, FLOYD L CARDINAL and DOLORES E. CARDINAL,<br><br>           Plaintiffs,<br><br>    v.<br><br>GREGORY BUCHNOFF, MINH NGUYEN, JOSEPH MENDOZA, JR., THE COUNTY OF SAN DIEGO, CALIFORNIA, and DOES 1 through 20, Inclusive,<br>           Defendants. | CASE NO. 06CV0072BTM (LSP)<br><br>ORDER GRANTING<br>JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER (DOC. 35) |
|---|---|

The parties through their respective attorneys stipulate to the following protective order:

That the United States and California tax returns and requests for filing extension of Kyle Cardinal are released subject to the following restrictions:

1. Defendants and their counsel shall not disclose the contents of the documents, or provide the documents or copies of the documents, or the substance of the documents or electronically disseminate the documents or data extracted from the documents, to anyone except as specified below.

      2. The documents produced are to be stamped or otherwise designated as "Confidential Material - disclosure subject to protective order" prior to use in this litigation.

      3. The documents shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose including but not limited to any other litigation, and data bank compilation.

      4. The documents and information contained therein may be disclosed only to the following persons:

(a) counsel for any party, and any party to this action;

(b) paralegal, stenographic, clerical, secretarial, investigative personnel employed by counsel referred to in (a);

(c) any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

(d) any "in house" expert designated by the County to testify at trial in this matter;

(e) court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

      5. Each person to whom disclosure of such documents and information is made, with the exception of counsel who are presumed to know of the contents of this protective order, and court personnel referenced in sub-paragraph (e) of paragraph (5) above, shall be given a copy of this order prior to the time of disclosure by the person who is furnishing him/her with such documents and information. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order, and agrees to be bound by the protective order. Such person also must consent to be subject to the jurisdiction of the United States District Court, for the Southern District of California, with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making disclosure to any person described above shall provide plaintiffs' counsel with a copy of the original executed copy of this Joint Motion and Stipulation for Protective Order when the disclosure is made, and plaintiffs' counsel shall retain the original executed copy of said Joint Motion and Stipulation for Protective Order until final termination of this litigation.

6. Nothing in this order shall preclude a party from showing or disclosing to any person not listed in paragraph 5 of this order deposition transcripts, pleadings or briefs containing any part of documents subject to this order if the document containing such materials has been masked or deleted so that no disclosure of the confidential material occurs.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all documents and confidential information received under the provisions of the order (including any copies made, and any copies provided to any person to who disclosure has been made) shall be, upon request, returned to plaintiffs' counsel.  Defendants and their counsel shall also destroy all summaries, annotations, and compilations of information contained in the said documents and information created by defendants, their counsel, or other person to who disclosure has been made, excepting the Court. Provisions of this order insofar as they restrict disclosure and use of such documents and information shall be in effect until further order of this Court.

8. The foregoing is without prejudice to the right of any party:
(a) to apply to the Court for a further protective order relating to any document subject to this order, or discovery in this litigation;
(b) to apply to the Court for an order removing the "Confidential Material -disclosure subject to protective order" designation from any documents; and
(c) to apply to the Court for an order compelling production of documents or for modification of this order or for any order permitting disclosure of the documents and information contained therein beyond the terms of this order.

9. Subject to public policy, and further Court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

10. Any party receiving a subpoena or other request for production of the documents subject to this Joint Motion and Stipulation for Protective Order will, prior to producing any such documents, promptly notify counsel for all parties hereto of such subpoena or other request, giving them reasonable notice and an opportunity to oppose such production.

JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER

11. Any party intending to file with the Court documents subject to this Joint Motion and Stipulation for Protective Order will, prior to filing such documents, promptly notify counsel for all parties hereto of such intent to file, giving them reasonable notice and opportunity to apply to the Court for an order to file such documents under seal.

12. The due date for defendants' economist expert supplemental report is extended from the current date of July 18, 2007 to two weeks after the tax return documents which are the subject of this stipulation were provided to defense counsel.

DATED: July 16, 2007          JOHN J. SANSONE, County Counsel

By: /s/ RICKY R. SANCHEZ, Senior Deputy
Attorneys for Defendants County of San Diego,
Gregory Buchnoff, Joseph Mendoza, Jr., and Minh Nguyen
E-mail: ricky.sanchez@sdcounty.ca.gov

DATED: July 10, 2007          /s/ CHRISTOPHER NORGAARD, Esq.
Attorney for Plaintiffs Kyle F. Cardinal, Floyd L. Cardinal, and Dolores E. Cardinal
E-mail: cnorgaard@regentbc.com

I, Christopher Norgaard, attorney for plaintiffs, hereby certify that the content of this Joint Motion and Stipulation for Protective Order is acceptable to the parties whose signatures appear above, and that said parties authorize me to affix their CM/ECF electronic signature to this document.

DATED: July 24, 2007          /s/ CHRISTOPHER NORGAARD, Esq.
Attorney for Plaintiffs Kyle F. Cardinal, Floyd L. Cardinal, and Dolores E. Cardinal
E-mail: cnorgaard@regentbc.com

IT IS SO ORDERED:

Dated:  July 25, 2007

HON. LEO S. PAPAS
U.S. MAGISTRATE JUDGE