# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE F. CARDINAL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GREGORY BUCHNOFF, et al., <br><br> Defendants. | CASE NO. 06cv72-MMA(BLM) <br><br> **ORDER RE: DEFENDANTS' MOTION IN LIMINE NO. 9** <br><br> [Doc. No. 127] |

The trial of the above-captioned matter is set to begin on April 13, 2010. On March 19, 2010, the Court presided over a hearing on Defendants Gregory Buchnoff, et al.'s motions in limine. Pursuant to California Code of Civil Procedure section 377.34, Defendants move the Court for an order precluding Plaintiffs from introducing or attempting to introduce evidence of decedent Kyle Cardinal's pain and suffering arising out of the January 17, 2005 incident at issue in this case, arguing that Floyd Cardinal, as the representative of Kyle's estate, may not recover such damages. After considering the oral arguments of counsel, the Court took this motion under submission for further review. During the hearing, the majority of the discussion focused on whether Kyle's estate may recover pain and suffering damages under applicable California law.

Plaintiffs concede that Kyle's estate may not recover pain and suffering damages for his state law claims pursuant to section 337.34, otherwise referred to as California's "survivorship"

statute.[1] The current dispute involves whether the estate may recover these damages if Kyle's federal civil rights claim succeeds at trial.

The Supreme Court has stated that the purpose behind the Federal Civil Rights Act is to: (1) prevent official illegality, *See Robertson v. Wegmann*, 436 U.S. 584, 592 (1978), and (2) "compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978). Section 1983 does not specify the survivability of actions brought pursuant thereto; it does not identify the injured parties when a victim is killed; nor does it provide a measure of available damages. As such, federal courts must look to state law to address these issues, unless the applicable state law is found to be inconsistent with federal law. *County of Los Angeles, v. Superior Court*, 21 Cal.4th 292, 297 (1999), *citing Carey*, 435 U.S. at 255. Thus, the issue is whether application of California's survivorship statute barring Kyle's estate from recovering pain and suffering damages is inconsistent with Section 1983. The Ninth Circuit has not decided this issue and no clear consensus has arisen out of the trial courts.

Several district courts in California have held that section 377.34 does not limit damages in federal civil rights actions. In *Guyton v. Phillips*, 532 F.Supp. 1154 (N.D.Cal. 1981), the Northern District held that application of California's survivorship statute to preclude all recovery for pain and suffering would be inconsistent with federal civil rights laws. The Central District reached a similar holding in *Garcia v. Whitehead*, 961 F.Supp. 230, 232 (C.D.Cal.1997). These courts simply noted that had the decedents survived, they could have recovered pain and suffering. *Garcia*, 961 F.Supp. at 232; *Guyton*, 532 F.Supp. at 1166. On the other hand, the Eastern District of California has concluded that section 377.34 is not inconsistent with Section 1983. *Venerable v. City of Sacramento*, 185 F.Supp.2d 1128 (E.D.Cal. 2002). In *Provencio v. Vazquez*, 2008 WL 3982063 (E.D.Cal.. 2008), the court addressed the issue, stating in pertinent part:

The deterrent purpose of Section 1983 is satisfied by the fact that section

---

[1] California Code of Civil Procedure section 377.34 provides:

In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decednt would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

> 377.34 allows the estate to recover the punitive damages the decedent would have been entitled to recover had he survived. Unfortunately, once deceased a decedent cannot in any practical way be compensated for his injuries or pain and suffering, or be made whole. However, the statutory scheme for survivors in California still provides compensatory damages for the remaining injured parties, i.e. the survivors. California law provides for not only recovery by the representative of the estate but also for a wrongful death action by the decedent's heirs. Thus, this court finds that the estate's claims for pain and suffering damages and hedonic damages are precluded by section 377.34.

*Id.* at *12 (citations omitted). The Court is persuaded by the reasoning in *Provencio*. Pain and suffering is something uniquely experienced by the injured person. If the injured person dies, it makes sense for the law to permit his or her estate to recoup monies spent paying medical bills or monies lost due to the decedent's inability to earn an income prior to his or her death; absent injury, these are assets that would otherwise be part of the estate and distributable upon death. Compensating an estate for pain and suffering, on the other hand, is not intuitive. The representative of the estate may be someone close to the decedent who observed their loved one's pain and suffering prior to death, but other causes of action allow for that person to be compensated for their own emotional distress, if they in fact experienced any.

The Southern District of California recently weighed in on this topic. In *Hirschfield v. San Diego Unified Port Dist.*, 2009 U.S. Dist. LEXIS 94232 (S.D. Cal. 2009), the court concluded that because the decedent died almost immediately as a direct result of the alleged constitutional violation, the estate should be permitted to recover pain and suffering damages. The court reasoned that the recoverable compensatory damages would be "minimal to non-existent" since death was immediate and, as such, the estate would be entitled to very little relief if it ultimately prevailed on the decedent's civil rights claim. *Id.* This case is distinguishable from *Hirschfield* in an important respect. Denial of recovery for pain and suffering would have left the estate in that case with no recompense. Without proof of any compensatory damages, the estate likewise would not have been able to recover punitive damages. Thus, application of California's survival statute would have left the estate with *no* remedy, and the purpose and intent of Section 1983 would have been eviscerated. It was this result that the *Hirschfield* court noted as its basis for permitting the decedent's estate to seek pain and suffering damages.

The Court's survey of cases has revealed that whether the intent of the federal civil rights

1  statutes is served depends as much on a particular philosophical perspective as it does on the specific
2  facts of the case, if not more so.  The statutory scheme in California provides for recovery of certain
3  types of damages by Kyle's estate.  The Court finds that Kyle's surviving claims for pain and
4  suffering damages are precluded by section 377.34, however the result is not inconsistent with the
5  intent of Section 1983 under the facts of this case.  If a jury finds that Kyle's civil rights were
6  violated, the deterrent and rehabilitative goals of Section 1983 may be met by an award benefitting
7  his estate for compensatory and potentially punitive damages.  His estate is not without available
8  remedies.

9  The evidentiary question of whether evidence of Kyle's pain and suffering should be
10 completely excluded from trial is a distinct issue.  With respect to this request, the Court denies the
11 motion without prejudice.  Defendants cite no law to support their assertion that Plaintiffs should not
12 be permitted to present any evidence of Kyle's pain and suffering simply because his estate may not
13 recover such damages.

14 **IT IS SO ORDERED**.

15 DATED: April 5, 2010

Hon. Michael M. Anello
United States District Judge