UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE F. CARDINAL, FLOYD L. CARDINAL, and DOLORES E. CARDINAL,<br><br>          Plaintiffs,<br>vs.<br><br>GREGORY BUCHNOFF et al.,<br><br>          Defendants. | CASE NO. 06CV0072-MMA(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 3**<br><br>[Doc. No. 106] |

Plaintiffs Kyle F. Cardinal, Floyd L. Cardinal, and Dolores E. Cardinal ("Plaintiffs") filed this civil action against Defendants Gregory Buchnoff, Minh Nguyen, Joseph Mendoza, Jr., and the County of San Diego ("Defendants") for violations of 42 U.S.C § 1983 and various state law claims of assault, battery, false imprisonment, intentional infliction of emotional distress, and negligence. Currently before the Court is Defendants' pretrial motion in limine No. 3, to exclude evidence regarding the dismissal of Kyle Cardinal's criminal case.[1] For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.

### BACKGROUND

On January 17, 2005, San Diego Sheriff Deputies Gregory Buchnoff and Minh Nguyen

---

[1] Also pending before the Court are Defendants' pretrial motion in limine No. 8 [Doc. No. 126] and Defendants' motion for summary judgment regarding Plaintiffs' negligence cause of action against the County of San Diego. *See* Doc. Nos. 150, 156, 158-59. The Court shall issue separate orders ruling on these motions.

responded to a series of 911 hang up calls originating from Floyd Cardinal's residence in Rancho Santa Fe, California. After arriving at the Cardinal home and questioning Floyd, age 77 at the time, regarding the series of calls, the Deputies suspected Kyle Cardinal, Floyd's son, of elder abuse. Floyd advised the Deputies that he did not intend to dial 911 and that Kyle had not abused him. The Deputies questioned Kyle and arrested him for elder abuse and interfering with the performance of an officer's duties. The physical arrest was violent, and Kyle and several of the Deputies sustained injuries during the altercation.

The San Diego District Attorney's Office filed criminal charges against Kyle for interfering with the performance of an officer's duties in violation of California Penal Code § 69.[2] At his preliminary hearing, Kyle was arraigned on the charge and held for trial in San Diego Superior Court. Subsequently, Kyle successfully moved to set aside the determination of probable cause at his preliminary hearing under California Penal Code § 995. In dismissing Kyle's criminal charge pursuant to section 995, Judge Harry M. Elias ruled that "the point is once they [the Sheriff's Deputies] looked in on this guy [Kyle] in bed and they see what's there and he basically says I don't want to talk with you, they have to go about there [sic, in transcript] business. They can't continue with that guy. That's what turns into a detention, and there's no criminal activity afoot under *Terry* to justify a further detention at that time."

Plaintiffs filed suit against Defendants on January 12, 2006, alleging violations of 42 U.S.C § 1983 for unlawful arrest and the use of excessive force, as well as various state law tort claims, arising out of the above detailed events. The trial of this matter is set to commence on September 28, 2010. Defendants filed motions in limine, seeking to resolve several key evidentiary issues prior to trial. In motion in limine No. 3, Defendants seek an order precluding Plaintiffs from presenting evidence at trial regarding the dismissal of Kyle's criminal case.

## DISCUSSION

Defendants request that all evidence regarding the disposition of the criminal charge against Kyle be excluded as irrelevant, misleading, and unduly prejudicial. Plaintiffs oppose the motion and argue that excluding evidence regarding the dismissal of Kyle's criminal case would

---

[2] Although booked on charges of elder abuse and interfering with the performance of an officer's duties, Kyle was never formally charged with elder abuse.

unduly prejudice Plaintiffs and possibly mislead the jury by leaving "a large gap in the factual narrative" and permitting the jury to assume Kyle was convicted of the offense. (*Pls.' Opp'n* at 7:16-17) Plaintiffs plan to introduce the transcript of the dismissal hearing, including Judge Elias's oral rulings on the criminal charges.

Proof of the dismissal of a criminal charge may be presented to the jury only if it is admissible as evidence.[3] Under Federal Rule of Evidence 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "In section 1983 actions, the existence of probable cause is a question for the jury, *see Smiddy v. Varney*, 665 F.2d 261, 265 (9th Cir. 1981), . . . and the determination of that issue depends on whether 'the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *De Anada v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993) (quoting *Dunaway v. New York*, 442 U.S. 200, 208 n. 8 (1979). Thus, the dismissal of plaintiff's criminal charges is relevant in a subsequent civil suit under Section 1983 if probative of the jury's determination of probable cause. *Id*.

All relevant evidence, however, is not admissible. *See* Fed. R. Evid. 802, 403. Evidence containing hearsay—"a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted"—is inadmissible, absent an applicable exception. Fed. R. Evid. 801, 802; *United States v. Sine*, 493 F.3d 1021, 1035 (9th Cir. 2007). Court judgments, judicial findings of fact, and the "analysis underlying [a] judgment to prove the truth of those findings" are hearsay unless an exception exists. *Sine*, 493 F.3d at 1036. Admitting a judicial opinion for the truth of the matter it asserts would present the jury with unreliable

---

[3] The Court agrees with Defendants' argument that collateral estoppel does not apply here for two reasons: 1) a dismissal at a preliminary hearing has no preclusive effect under California law, and 2) the officers were not in privity with a party to the criminal proceeding. *People v. Uhlemann*, 9 Cal. 3d 662, 666-67 (1973) (finding a dismissal at a preliminary hearing has no preclusive effect under California law); *Wuerfel v. City of Seattle*, 2006 U.S. Dist. LEXIS 1398 (W.D. Wash. Jan. 5, 2006) (finding no privity between police officers and city, despite witness testimony from officers on behalf of the city, because the police officers were not in control of or parties to the criminal proceeding). Thus, the state court judgment has no preclusive effect on Defendants' ability to argue the officers had probable cause to arrest Kyle.

1  evidence, "neither based on personal knowledge nor subject to cross-examination." *Id.*, at 1036.[4]

2  Furthermore, judicial opinions and judicial fact-finding do not fall under the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8). Although the Ninth Circuit Court of Appeals has not directly addressed this issue, it noted in *United States v. Sine* that "several other circuits have held that [Rule 803(8)] covers only factual findings by executive branch agencies and officials, not judicial fact-finding." *Sine*, 493 F.3d at 1037 n. 16 (citing *Herrick v. Garvey*, 289 F.3d 1184, 1192 (10th Cir. 2002); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993)). Applying the same analysis as the Fourth, Tenth, and Eleventh Circuits, district courts within this Circuit also find that the public records exception does not apply to judicial findings of fact. *See Chevron Corp.,* 2010 U.S. Dist. LEXIS at *4 n. 1; Molina v. City of Oxnard, 2003 U.S. Dist. LEXIS 27562, *12 n. 7 (C.D. Cal. June 16, 2003).

Under Rule 403, courts may also exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Courts are generally hesitant to admit other judicial opinions or statements into evidence, even when relevant, because "[j]udicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'" *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994) (quoting *Nipper v. Snipes*, 7 F.3d 415, 416 (4th Cir. 1993); *see also United States v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007) (finding that evidence of "facts found in a judicial opinion can unfairly prejudice a party" but admission of such facts will not always fail the balancing test of Rule 403). In Section 1983 actions, it is the jury who is must determine whether probable cause exists, and a judge's opinion on the same issue would be highly influential and prejudicial. *See U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287-88 (11th Cir. 2001) ("The district court abused its discretion [under Rule 403] in admitting Judge Garrett's opinion. The jury,

---

[4] A judicial opinion or order is not hearsay if considered only for the fact that the judicial proceedings took place and not for the truth of any factual findings therein. *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Chevron Corp.*, 2010 U.S. Dist. LEXIS 55459, *4 n. 1 (N.D. Cal. May 12, 2010).

not Judge Garrett, was charged with making factual findings on Appellees' allegations in this case.").

Pursuant to California Penal Code § 995, Judge Elias dismissed the criminal charge against Kyle for lack of probable cause. In ruling on the motion, Judge Elias stated "there's no criminal activity afoot under *Terry* to justify a further detention at that time." Under Rule 401, this evidence is relevant to Plaintiffs' action for unlawful arrest. Judge Elias's ruling is probative of whether the officers acted with probable cause—a factual finding left to the jury in a Section 1983 action.[5] Although relevant, however, the Court finds Judge Elias's ruling dismissing Kyle's criminal charge is both inadmissible hearsay and unduly prejudicial.

Defendants failed to raise a hearsay argument for excluding this evidence, but the Court, nonetheless, finds that admitting Judge Elias's ruling as an exhibit or allowing direct testimony referring to his findings would violate the hearsay rules. *See Carter v. Burch*, 34 F.3d 257, 265 (1994). Even though Judge Elias dismissed Kyle's criminal charge by an oral ruling rather than a formal judgment, his findings at the hearing constitute an out of court statement, which Plaintiffs plan to offer as evidence of truth of the matter asserted—that the officers did not have probable cause to arrest Kyle.[6] Because judicial findings do not fall under the public records exception, Plaintiffs will not be allowed to show the jury an exhibit of Judge Elias's ruling or elicit testimony

---

[5] If the criminal charges are dismissed for procedural reasons, courts generally exclude dismissal evidence because it is not "probative of whether the officers acted with probable cause or used excessive force in effecting [the] arrest." *Heath v. Cast*, 813 F.2d 254, 260 (9th Cir. 1987) (upholding the district court's ruling to exclude evidence of the dismissal of criminal charges that were "unopposed by the prosecution, [and] following the state court's ruling suppressing testimony by the arresting officers."); *see also De Anada,* 7 F.3d at 1422 ("De Anada's charges were apparently dismissed because certain witnesses and physical evidence, although produced in district court, were unavailable the day of the preliminary hearing. There is an obvious difference in the evidentiary value of a dismissal for lack of probable cause based on the consideration of relevant evidence and a dismissal on procedural grounds.").

[6] The Court is not excluding from evidence all statements made during the state court hearing. For instance, it may be possible on cross-examination of a witness who testified during the state court hearing for Plaintiff or Defendant to offer any inconsistent statements made in the prior proceeding. However, this is not grounds to introduce or refer to Judge Elias's findings since his opinions are not subject to cross-examination.

regarding his findings on probable cause.[7]

Defendants argue in their submissions that admitting *any* evidence of the dismissal of Kyle's criminal charges would be unduly prejudicial. Although the Court agrees that admitting Judge Elias's statements would be unduly prejudicial to Defendants due to the potential for jurors to accept the judicial opinion as determinative of the lack of probable cause without exercising their own independent judgment, the Court does not agree that *all* evidence of the disposition of Kyle's criminal case should be excluded under Rule 403. The Court finds merit in Plaintiffs argument that excluding all dismissal evidence is unfairly prejudicial to their case. If the jury hears testimony regarding Kyle's arrest, the officers' suspicion of elder abuse, and the ultimate charge against Kyle of interfering with an officers' duties, it would be unfairly prejudicial to Plaintiffs not to allow them to provide the jury with an accurate procedural account of the disposition of the charge. *Brown v. City of Pittsburgh*, 2007 U.S. Dist. LEXIS 6411, *6 (W.D. Pa. Jan. 30, 2007) (allowing evidence in a Section 1983 suit that Plaintiff's criminal charges were dismissed to provide "the jury with a full and accurate procedural history"). Just as Judge Elias's findings may prejudice Defendants by misleading the jury to believe probable cause does not exist, excluding the basic fact that the criminal charge was dismissed may mislead the jury to the contrary. In Kyle's case in particular, excluding dismissal evidence allows the jury to speculate that Kyle was guilty of interfering with the performance of an officer's duties, an assumption that directly prejudices Plaintiffs' unlawful arrest and use of excessive force claims.[8] Therefore, the Court finds that excluding all evidence and reference to the disposition of Kyle's criminal charges is neither fair nor practical in this case. The factual circumstances surrounding Kyle's arrest and the nature of the charges brought against Kyle require the jury hear an accurate, although brief, account of their disposition.

///

---

[7] This does not preclude Plaintiffs from possibly taking judicial notice of the state court proceedings or eliciting information as to the outcome of the arrest. *See Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 223 (W.D.N.Y. 1999).

[8] Moreover, Kyle himself will not be present to testify before the jury, and the officers account of the arrest and charges brought against Kyle should not be heard without allowing Plaintiffs to inform the jury of the plain fact that the charges were dismissed.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion in limine No. 3.

**IT IS SO ORDERED**.

DATED: August 23, 2010

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge