UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE F. CARDINAL, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GREGORY BUCHNOFF, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06cv72-MMA(BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFFS' NEGLIGENCE CLAIM AGAINST DEFENDANT SAN DIEGO COUNTY**<br><br>[Doc. No. 156] |

On January 17, 2005, San Diego Sheriff Deputies Gregory Buchnoff and Minh Nguyen visited Plaintiffs' home in response to a series of 911 hang up calls originating from his residence in Rancho Santa Fe, California. After arriving at the home, the Sheriff Deputies arrested Floyd Cardinal's son, Kyle Cardinal, on suspicions of elder abuse and attempting to interfere by force or violence with the deputies in the performance of their duties. The arrest was physically violent, and Kyle and the deputies sustained various injuries. This action ensued. Plaintiffs allege violations of 42 U.S.C § 1983 and various state law claims of assault, battery, false imprisonment, intentional infliction of emotional distress, and negligence.

Currently before the Court is Defendants' [Doc. No. 156] motion for summary judgment as to Plaintiffs' negligence claim against Defendant San Diego County. Defendants contend that the

negligence claim should be dismissed because as a public entity, the county is immune from liability for common law negligence. Defendants point to California Government Code § 815(a), which provides: "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Plaintiffs oppose the motion, asserting that California Government Code § 815.2(a) provides a statutory basis for liability: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." *Id*. § 815.2(a); *see also Eastburn v. Regional Fire Protection Auth'y*, 31 Cal.4th 1175, 7 Cal. Rptr. 3d 552, 80 P.3d 656 (2003) (Section 815.2(a) "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment").

In reply, Defendants argue that while Section 815.2(a) provides for *vicarious* liability on the part of the county for the acts or omissions of its employees, it does not establish a basis for *direct* liability, the issue upon which Defendants seek summary judgment. Defendants acknowledge that if one of the defendant deputies is found liable for negligence, the county will be held vicariously liable pursuant to Section 815.2(a), and therefore responsible for paying any compensatory damages awarded against the deputy defendant. However, Defendants state that contrary to Plaintiffs' assertion, Section 815.2(a) provides no basis for direct liability for negligent hiring and/or supervision on the part of the county. Defendants are correct. While Section 815.2(a) holds a public entity vicariously liable for its employees' torts committed within the scope of employment, it does not provide for direct liability unless a statute so provides. Plaintiffs do not cite to any statutory basis for direct liability, apart from Section 815.2(a) itself, which is insufficient. As such, Plaintiffs cannot assert a cognizable legal theory against the county for direct liability. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996).

It is well-settled that there is no common law tort liability for public entities in California; instead, such liability must be based on statute. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 899, 80 Cal. Rptr. 3d 690, 188 P.3d 629 (2008) ("section 815 abolishes common law tort liability for public entities"). In addition, California law does not provide a basis to hold a

municipality directly liable for its alleged "negligence in the selection, training, retention, supervision, and discipline of police officers." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1112, 16 Cal. Rptr. 3d 521 (2004). As such, to the extent Plaintiffs advance a direct common law negligence claim against the county, the claim fails as a matter of law. *See Universal By-Products, Inc. v. City of Modesto*, 43 Cal.App.3d 145, 153, 117 Cal. Rptr. 525 (1974) (stating there is "no common law liability of a public entity; liability is wholly statutory").

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment as to Plaintiffs' common law negligence claim against Defendant San Diego County.

**IT IS SO ORDERED**.

DATED: September 14, 2010

Hon. Michael M. Anello
United States District Judge